United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT E. JUDGE,
Plaintiff,

v.

ARMY CORP OF ENGINEERING,
Defendant.

Case No. 14-cv-03863-JCS

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**

Re: Dkt. No. 1

Plaintiff Robert E. Judge filed a Complaint in this action on August 14, 2014, seeking to compel Defendant Army Corp (sic) of Engineering to "blockade" the New River and Alamo River, which flow from Mexico into California. The Complaint cites no legal authority that compels Defendant to dam these rivers. The Complaint, in full, reads as follows:

> California cannot stop pollution coming from both rivers - New River - Alamo river. For the preservation of California to stop pollution must stop both rivers natural resource areas.
>
> Recognizing constitutional assessment in which allows both rivers from Entering into US. Both rivers are declare as the polluted waters of the world. The alternative of this problem is to stop both rivers coming into the US through Mexico.
>
> Local governments based on enrollment valuations are in need of this trial case to be approved with blockade of rivers. Conversion to population growth the water get polluted more/more from Mexico. This alarming rate continues dramatically from Mexico increase of population. United States must Stop this river property in actual use.
>
> The Petitioner had wrote a novel about this project. In which he began 2000. Conclusion after having used many strategic response to the pollution in both rivers. This began 1900, and the Salton Sea in which had been these two rivers assessment leveling off local government.

Compl. (dkt. 1) (sic throughout).

United States District Court
Northern District of California

Federal courts are courts of limited jurisdiction. The Court can only decide a case if the Constitution or a federal statute authorizes the federal courts to hear that type of case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Statutes commonly invoked to establish jurisdiction include 28 U.S.C. § 1331 (cases arising under federal law), § 1332 (cases between citizens of different states where the amount in controversy exceeds $75,000), and § 1346 (certain types of cases where the United States is a defendant), among others. "[W]hen a federal court concludes that it lack subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006). Here, no basis for jurisdiction is apparent from the Complaint. It is Plaintiff's burden to establish that federal jurisdiction exists. *See Kokkonen*, 511 U.S. at 377.[1]

Further, the Court granted Plaintiff's application to proceed in forma pauperis on September 30, 2014. Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed. Here, the Complaint does not cite, and the Court is not aware of, any statutory or common law authority that would entitle Plaintiff to the relief that he seeks.

**Plaintiff is therefore ORDERED to appear on October 31, 2014 at 9:30 a.m. in Courtroom G, 450 Golden Gate Avenue, 15th Floor, San Francisco, CA**, and show cause why the Complaint should not be dismissed for lack of jurisdiction and failure to state a claim. Defendant is not required to appear but may do so if it wishes. Any memorandum in support or opposition shall be filed by October 24, 2014 and shall not exceed five pages. The case is

---

[1] Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). That consent relates to which judge conducts the proceedings of the case. It does not create federal subject matter jurisdiction, which must be established by statute or the Constitution. *See Kokkonen*, 511 U.S. at 377.

United States District Court
Northern District of California

otherwise STAYED and all other deadlines shall be tolled from the date of this Order through October 31, 2014.

Plaintiff may wish to seek free limited legal assistance from the Legal Help Center by calling the appointment line at (415) 782-8982 or signing up for an appointment in the appointment book located outside the door of the Help Center, located at the San Francisco courthouse at 450 Golden Gate Avenue on the 15th Floor, Room 2796. Appointments are held Monday through Friday at various times throughout the day. Plaintiff can speak with an attorney who will provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: September 30, 2014

JOSEPH C. SPERO
United States Magistrate Judge