United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT E. JUDGE,

Plaintiff,

v.

ARMY CORP OF ENGINEERING,

Defendant.

Case No. 14-cv-03863-JCS

**REPORT AND RECOMMENDATION REGARDING SUFFICIENCY OF AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915**

Re: Dkt. Nos. 11, 12

## I. INTRODUCTION

Plaintiff Robert E. Judge, pro se and in forma pauperis, filed a complaint on August 14, 2014 seeking to compel Defendant Army Corp of Engineering (sic) to "blockade" the New River and the Alamo River, both of which flow from Mexico into California. Dkt. 1. The complaint did not cite any authority compelling Defendant to dam the rivers. The Court issued an order to show cause why the case should not be dismissed under 28 U.S.C. § 1915 on September 30, 2014, setting a hearing for October 31, 2014. Dkt. 10. Plaintiff filed a version of the complaint with minor changes, which the Court construed as an amended complaint, on October 3, 2014. Dkt. 11. The Court filed a second order on October 7, 2014 clarifying that the amended complaint did not address the deficiencies noted in the first order, and that the October 31 hearing would remain on the calendar. Dkt. 12. Plaintiff filed a response on October 9, 2014 that vaguely invoked the Clean Water Act (dkt. 13) and a letter on October 21, 2014 stating that Plaintiff would not attend the hearing (dkt. 14). The hearing was held on October 31, 2014 and Plaintiff did not appear. For the reasons stated below, pursuant to 28 U.S.C. § 1915(e)(2), the undersigned recommends that this case be DISMISSED as frivolous and for failure to state a claim. This case will be transferred

to a United States district judge for further proceedings.[1]

## II. BACKGROUND

Because the content and nature of Plaintiff's communications to the Court are relevant to the decision to dismiss this case, Plaintiff's communications are reprinted here in full. Plaintiff's amended complaint reads as follows:

> California cannot stop pollution coming from both rivers - New River - Alamo river. For the preservation of California to stop pollution must stop both rivers natural resource areas. In which this thesis.
>
> Recognizing constitutional assessment in which allows both rivers from Entering into US. Both rivers are declare as the polluted waters of the world. The alternative of this problem is to stop both rivers coming into the US through Mexico... Stopping Rivers from going in U.S..
>
> Local governments based on enrollment valuations are in need of this trial case to be approved with blockade of rivers: Conversion to population growth, the water get polluted more/more from Mexico. This alarming rate continues dramatically from Mexico: increases of population. United States must Stop this river property in actual use.
>
> The Petitioner had wrote a novel about this project. In which he began 2000. Conclusion after having used many strategic response to the pollution in both rivers. This began 1900, and the Salton Sea in which had been these two rivers assessment leveling off local government.

Am. Compl. (sic throughout). The Court granted Plaintiff's application to proceed in forma pauperis (dkt. 9) and ordered Plaintiff to show cause why the amended complaint should not be dismissed for failure to state a claim and lack of federal jurisdiction. Dkt. 12. Plaintiff responded as follows:

> I Robert E. Judge Plaintiff Pro Se, duly deposes and says the following statements to be true and correct under the law of perjury in the State of California. Depending on the substance at issue, substances that detrimentally affect public health laws. These laws is essential to the general public in the 'Clean Water Act', jurisdiction of this court. The pollution discharges, defines discharge of a pollutant, from any point is a violation of the law

[1] Although Plaintiff consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c), Defendant has been served and has not filed its consent or declination to magistrate judge jurisdiction. Accordingly, because § 636(c) requires consent of all parties, this case must be transferred to a United States district judge before entry of a dispositive order.

United States District Court
Northern District of California

> discussed in this event under common law. State fish and game protection laws, contain general provisions prohibiting pollution harmful to fish. Statutory authority generally in the subject of water pollution, also include Public health of human/ fish/wild life, as effects can be proven. The point source of pollution in the two rivers in question, in pollution coming from Mexico. In this issue the pollution of domestic, industrial, commercial, mining, agricultural, or governmental operations. Any article which might pollute the water. 33 U.S.C. 1362 (12).
>
> The legal authority to dam rivers, so that these problems are with in this format under the imposing liability for mankind/fish/wild life. Public Health laws within the United States protects this water coming from Mexico, into the United States, in which cannot be clear pure water, or define as useable. That is non useable. The substances of pollutants impact public health laws. This is the constitutional case of this court. The federal jurisdiction, entitles Plaintiff to seek relief by statute with the constitution. The context with both state and federal laws, either on paper or unsighted, or unsanitary nature. Material discharges from Mexico to US in both rivers has cost the United States 3 billion dollars,
>
> Discussed in the history of these rivers.

Dkt. 13 (sic throughout). Plaintiff later sent the following notarized letter to the Court:

> Sirs:
>
> On the ( Notice to Appear ), dated: October 31, 2014 at (9:30 A.M.). I will not be able to appear.
>
> On subject matter, the court explained that there is no reason, for the defendant, to either answer or appear, regarding the s/c served. The period to answer is regarding in Federal Law after service, in which states that answer to the s/c, must take place. The court explained the s/c with writing this letter.
>
> Missing claim to be in Federal Court. The matter is explained in October 6, 2014 answer to s/c having not stated these claims. The fact that the Plaintiff Pro Se, in this issue was not injured, makes the claim on a different level. The fact that this issue in fact comes from Mexico, into the United States, causing great personal injury to the people of California, along with the fish, wild life, is the claim in fact.
>
> There is no regard at the Salton Sea, in the polluted Sea, moves along to the corps, villages etc..
>
> The Army Corp of Engineering was sent letters to the chief office on Dam the rivers. Never got an answer; also Governor Brown, President Obama, were asked to stop rivers.
>
> I am interested on [Submit], on the , appearances to the court room. Furthermore, I am also interested in defendant to answer s/c personally served by process service.

Thanks,
Robert E. Judge Plaintiff Pro Se

Dkt. 14 (sic throughout, brackets in original). Although the Court did not excuse Plaintiff's appearance at the October 31 hearing, Plaintiff did not appear.[2]

**III. ANALYSIS**

**A. Legal Standard**

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). Thus, to meet this requirement, the complaint must be supported by factual allegations. *Id.* Further, a complaint is "frivolous" under § 1915 where there is no subject matter jurisdiction. *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking).

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must

[2] Because one purpose of sua sponte review under § 1915 is to spare defendants the burden of responding to frivolous complaints, Defendant was not required to attend the hearing. See dkts. 10, 12.

"construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

**B. Failure to State a Claim**

Plaintiff's response to the Court's order includes vague references to common law, "[s]tate fish and game protection laws," and "Public Health laws within the United States." Dkt. 13. Plaintiff has not cited, and the undersigned is not aware of, any authorities within these categories of law that provide for the relief Plaintiff seeks.

Plaintiff's only clear citation of authority invokes the Clean Water Act ("CWA"). Specifically, Plaintiff cites 33 U.S.C. § 1362(12), which defines "[t]he term 'discharge of a pollutant' and the term 'discharge of pollutants.'" That provision alone does not compel any agency to take any action. The undersigned nevertheless considers whether any other provision of the CWA supports Plaintiff's claim.

The CWA allows for actions against any person (including government agencies) "alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation." 33 U.S.C. 1365(a)(1). Plaintiff has not alleged that Defendant is in violation of any applicable standard, limitation, or order. The CWA also allows for actions "against the Administrator [of the Environmental Protection Agency] where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." *Id.* § 1365(a)(2). This provision does not support Plaintiff's claim because, among other reasons, Plaintiff has not brought an action against the Administrator of the Environmental Protection Agency. Plaintiff has therefore failed to state a claim under the CWA.

Because Plaintiff's amended complaint fails to state a claim on which relief may be granted, it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).



United States District Court
Northern District of California

**C. Standing**

Article III of the U.S. Constitution imbues the courts with the power to decide only "cases" and "controversies." U.S. Const. art. III; *see Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014). The Supreme Court has held that a plaintiff must meet certain requirements in order for an action to be cognizable as a case or controversy. Specifically, "[t]he plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark*, 134 S. Ct. at 1386 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff who does not meet these requirements lacks standing to bring a claim, and a court must dismiss such claims for lack of subject matter jurisdiction. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Although the Clean Water Act provides for civil actions by "any citizen," *see* 33 U.S.C. § 1365(a), such actions are nevertheless subject to constitutional limitations of jurisdiction, including the requirement of standing. *See Natural Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 994 (9th Cir. 2000).

In a case under the CWA, standing may be satisfied where plaintiffs "aver that they use the affected area and are persons for whom the aesthetic and recreational values of the area will be lessened by the challenged activity." *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 120 S. Ct. 693, 704 (2000)) (internal quotation marks omitted). In this case, however, Plaintiff lives in New York and seeks to bring a claim regarding rivers in Southern California, with no allegation that Plaintiff "uses" or is otherwise affected by those rivers. Plaintiff therefore has not demonstrated "a concrete and particularized 'injury in fact'" sufficient to establish standing, *see Lexmark*, 134 S. Ct. at 1386, and the case must be dismissed for lack of subject matter jurisdiction. *Maya*, 658 F.3d at 1067; *Pratt*, 807 F.2d at 819. Moreover, Plaintiff submitted a sworn statement that "the Plaintiff Pro Se, in this issue was not injured." Dkt. 14. "A party cannot amend pleadings to 'directly contradic[t] an earlier assertion made in the same proceeding.'" *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)) (alteration in original). The undersigned therefore finds, even affording Plaintiff the benefit of any

United States District Court
Northern District of California

doubt, that leave to amend would be futile. *See Akhtar*, 698 F.3d at 1212; *Hebbe*, 627 F.3d at 342.

## IV. CONCLUSION

The undersigned is aware that the Salton Sea and its tributaries present significant ecological challenges. The undersigned is not, however, aware of any legal authority to compel the U.S. Army Corps of Engineers to dam rivers flowing across an international border, whether or not they carry pollutants. Further, even if such authority could be found, Plaintiff's own statement establishes that he has not been injured by allowing these rivers to flow. Thus, because the Constitution permits this Court to hear only cases and controversies where a plaintiff faces some injury in fact, Plaintiff lacks standing to bring this claim and leave to amend would be futile. The undersigned therefore recommends that the amended complaint be DISMISSED WITH PREJUDICE.

This case will be transferred to a United States district judge for further proceedings. **Any objection to this recommendation must be filed no later than November 21, 2014.**[3]

Plaintiff is encouraged to continue to consult with the Federal Pro Bono Project's Legal Help Center, located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office. Telephone appointments are available. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

Dated: October 31, 2014

JOSEPH C. SPERO
United States Magistrate Judge

[3] This deadline—twenty-one days from the date of this Report and Recommendation—assumes that Plaintiff will be served with a copy within seven days. *See* 28 U.S.C. § 636(b) (providing that objections to a report and recommendation may be filed within fourteen days from the date of service).